IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO TYRONE JONES,

      Plaintiff,

v.                                 Civil Action No. **3:19CV310**

NAPHCARE MEDICAL DEPARTMENT, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this action. The matter is before the Court on Plaintiff's failure to serve Defendants Yvonne Floyd, A. Swenson, or NaphCare Medical Department within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days from the filing of the Complaint to serve the defendants. Here, that period commenced on September 26, 2019. (ECF No. 14.) More than 90 days have elapsed, and Plaintiff has not served Defendants NaphCare Medical Department, Swenson, or Floyd.[1] By Memorandum Order entered on June

---

[1] On October 3, 2019, the United States Marshal returned the summons for NaphCare Medical Department unexecuted, with a note that Plaintiff had provided an incorrect address. (ECF No. 16.) On October 10, 2019, the United States Marshal returned the summons for Defendant Floyd unexecuted with a note that the Marshal "located a Ms. Floyd in the medical

25, 2020, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to

show good cause for his failure to serve Defendants within the time required by Rule 4(m).

(ECF No. 47.)

Plaintiff has responded. ("Response," ECF No. 48.) Instead of demonstrating good

cause for his failure to serve Defendants, Plaintiff states the following:

> I have followed all instruction to the best of my abilities. Per Order of the Court the Plaintiff only address to notify defendants was through counsel of record in which has been done on every response.
> The Plaintiff, namely (I), do not have any way to serve notice except through counsel of record in which was and has been done.
> . . . I, the Plaintiff, is still experiencing difficulties and in no way will give in to tactics. Further, Plaintiff does not have access to the law library, [due] to COVID 19 in which movement inside each prison is limited.
> Wherefore the Plaintiff pray [that] this Court continue to allow his case to proceed against defendants because Plaintiff has served each defendant through counsel of record.

(*Id.* at 1–2 (capitalization, spelling, and punctuation corrected).)

District courts within the Fourth Circuit have found good cause to extend the ninety-day

time period when the plaintiff has made "reasonable, diligent efforts to effect service on the

defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb.

7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her

diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10cv210, 2010 WL

5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422,

425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating

factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425

---

section of the Jail," but that "[s]he refused service because the name was not correct." (ECF No. 21–1, at 2) That same day the Marshal returned the summons for Defendant Swenson unexecuted because she was out on extended medical leave. (*Id.* at 1.)

(citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed

proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing

*Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However,

"'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted

attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334,

at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)).

While a court might take a plaintiff's *pro se* status into consideration when coming to a

conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C.

2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*,

No. 3:08cv100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff, not the Court, nor the United States Marshal's service, nor the attorneys for

other parties, is responsible for providing the appropriate addresses for serving a Defendant. *See*

*Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma*

*pauperis* retain responsibility for providing address at which service can be effectuated); *see also*

*Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma*

*pauperis* status conveys right to have court effect service only to extent plaintiff provides a valid

address). Although Plaintiff believes that the attorneys who represent Ms. Parrish, Mrs.

Cartwright, and Dr. Jamaludeen represent the unserved parties, they do not.

Plaintiff fails to identify any effort at all on his part to find an address or the correct name

in order to effect service for Defendants NaphCare Medical Department, Swenson, or Floyd.

Moreover, while the Court appreciates that access to the law library may have been restricted in

recent months, the Court fails to discern, and Plaintiff fails to explain, how the inability to access

the law library has any bearing on Plaintiff's ability to identify a name or an address for service.

The summons issued for Defendants on September 26, 2019, (ECF No. 15), more than five months before any law library restrictions would have occurred due to the COVID-19 pandemic. Plaintiff has had nearly ten months to effect service on Defendants and has made no effort to do so. Thus, Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at \*1 (citation omitted) (internal quotation marks omitted). Accordingly, Plaintiff has failed to demonstrate good cause to excuse his failure to serve Defendants or good cause to warrant an extension of time. The claims against Defendants NaphCare Medical Department, Swenson, and Floyd will be DISMISSED WITHOUT PREJUDICE.

      An appropriate Order shall issue.

                                                _____/s/

                                               M. Hannah Lauck
                                             United States District Judge

Date: August 31, 2020
Richmond, Virginia